**Ruth E. GEISINGER, Appellant,**

v.

**Arlo W. GEISINGER, Appellee.**

**No. 55142.**

Supreme Court of Iowa.

Nov. 15, 1972.

Patterson, Lorentzen, Duffield, Timmons & Irish, Des Moines, for appellant.

Mack, Hansen & Gadd, Storm Lake, for appellee.

Heard before MOORE, C. J., and Le-GRAND, UHLENHOPP, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

Petitioner-wife appeals from alimony and property division provisions in dissolution of marriage decree. She contends they are not "justified" as required by Code section 598.21 and should be modified and increased. We affirm.

The parties stipulated in the trial court the cause should be determined under the law governing dissolution of marriages, now chapter 598, Code, 1971. They further stipulated there had been a breakdown of their marriage relationship to the extent the legitimate objects of matrimony had been destroyed; there was no reasonable likelihood their marriage could be preserved and that the sole matter for determination was alimony, property division and petitioner's attorney fees.

■ I. The parties do not disagree on the applicable principles of law involving the always troublesome problems inherent in awarding alimony and effecting a just and equitable distribution of property rights. Many factors must be considered. They are discussed in depth in Schantz v. Schantz, Iowa, 163 N.W.2d 398 and need not be repeated here. We must point out however the "guilty party" concept is no

longer to be considered. See In re Marriage of Williams, Iowa, 199 N.W.2d 339, 345.

■ II. In this equity action our review is de novo. Rule 334, Rules of Civil Procedure. Especially when considering the credibility of witnesses we give weight to the fact findings of the trial court but are not bound by them. Rule 344(f) 7, R. C.P. A just determination of such issues as presented here is peculiarly dependent upon the facts of the case. No two cases are factually alike. Precedents are of little value. Sherrard v. Sherrard, Iowa, 175 N.W.2d 411, 412; Arnold v. Arnold, 257 Iowa 429, 440, 133 N.W.2d 53, 60. We therefore go to the facts as disclosed by the record.

■ III. Petitioner was born September 12, 1910. Respondent was born in February 1905. They were married March 31, 1934. Their respective ages were then 23 and 29. Petitioner was a school teacher, having graduated from Buena Vista College. She did not continue to teach after completing the school term during which she got married. The respondent was a farmer. He did not complete high school and has no special training or education. There is no indication the parties were other than healthy, both physically and mentally, at the time they were married. Petitioner contributed to the marriage some crystal and perhaps part of her earnings as a school teacher. Respondent contributed $6000 in cash.

The parties lived together 23 years. They separated in the fall of 1957. The marriage however was not legally dissolved until 1971. At that time their two sons, David and Richard, were adults and not dependent upon either parent.

The farm on which the parties lived from 1934 to 1946 was given to respondent by his father. He sold it to his brother for $50,000 in 1946. Until 1946 each party devoted full time to farming. Petitioner sawed wood, raised chickens, helped pick corn and shock oats, fed cattle, canned food and prepared meals for the family and hired hands. She did the laundry and at no time had hired help.

From 1946 to 1955 the parties lived much of the time in substandard housing furnished free by petitioner's mother on her Iowa farm. During this period they moved frequently and saw many parts of the United States. They spent most of their winters in California and summers in Iowa. In each state respondent worked at seasonal odd jobs at least long enough to qualify for unemployment compensation. He felt this was the best income as it was tax free.

In 1955 the parties moved into the basement of a new house being constructed by petitioner's mother in Storm Lake, Iowa. They lived there for approximately three years. In 1957, following a hysterectomy performed on petitioner, respondent left his mother-in-law's residence and the parties did not live together thereafter. Petitioner continued living in her mother's home and was mainly dependent upon her mother except for approximately $100 per month voluntarily paid by respondent. At the commencement of this action in December. 1969 respondent was ordered and did pay petitioner $200 per month temporary support. In March 1970 petitioner fell and broke her hip. She incurred surgical and medical expenses totaling over $3000 which were paid by respondent. At trial time petitioner was unable to work other than help with the management of her mother's affairs. Previously she engaged in a few odd jobs outside her mother's home.

Petitioner's mother Martha Biggins, a widow age 86 at trial time, owned 240 acres of land in Buena Vista County in addition to her Storm Lake home. Petitioner had two half-sisters and a brother. Mrs. Biggins testified her estate would go to all her children including her step-children. We take notice that petitioner is now eligible for social security benefits.

After the 1957 separation respondent lived with his sister in Storm Lake where he paid his own expenses estimated at trial time to be $200 per month. Both parties apparently were satisfied to live on a sub-standard level.

Respondent invested the money from sale of his farm in 1946 but never confided with petitioner as to the nature or location of the investments. They must have been sound and profitable as in 1962 respondent bought a 250 acre Buena Vista County farm at $351 per acre. His financial statement filed in the trial court estimated his farm to be worth $400 per acre. A real estate appraiser placed its value at $575 per acre. The trial court found the reasonable value to be $525 per acre or $131,528. Coupled with personal property valued at $13,314 the trial court found his total net worth to be $144,842. These findings are not challenged on this appeal.

Respondent's farm adjusted gross income from 1964 to 1970 was shown to vary from a low of $3142.46 in 1965 to a high of $8167.78 in 1968. At trial time he was receiving $76 per month social security. He also was receiving an income from a trust established by his father. In 1967 it was $996.88; in 1968, $1561.55. The figures for 1969 were not shown. In 1970 he received $1730.57 from the trust.

Based on the applicable criteria furnished by Schantz v. Schantz, supra, Iowa, 163 N.W.2d 398, the trial court awarded petitioner $45,000 for permanent alimony and final property settlement to be paid $1800 at once and $3600 per year commencing on the first Monday of June 1971 and the first Monday of June in each year thereafter. Petitioner was further awarded five percent annual interest on the unpaid balance. It was made due and payable at the same time as the principal amounts. The decree further ordered the payments survive the death of either party and remain unaffected by the subsequent marriage of either party. A lien for payment of the entire award was impressed on the real property owned by respondent. Petitioner was also allowed $2000 fees for her trial attorney. Costs were assessed against respondent.

We have carefully reviewed de novo the entire record. Our conclusions agree with those of the trial court. Petitioner-appellant's contention the decree is unjust and inequitable as to alimony and property division, is untenable.

IV. The other issue raised by petitioner is the question of attorney fees for her appeal. They are not recoverable as a matter of right. However, a wife who has in good faith but unsuccessfully appealed may be awarded an attorney fee. Garrison v. Garrison, Iowa, 179 N.W.2d 466, 471, and citations. Any such allowance made depends upon the wife's financial needs and ability of the husband to satisfy them. Raabe v. Raabe, Iowa, 191 N.W.2d 551, 554 and citations.

Respondent was ordered to pay petitioner's trial counsel a full fee set by the trial court at $2000. Her appeal attorney has made as part of her brief an application for payment by respondent of his fees. He has itemized time spent. We hold respondent should be ordered to pay $500 toward petitioner's attorney fees incurred by this appeal. Any additional amount due must be paid by her. Judgment shall be entered in the trial court for said $500 allowance. All other costs shall be taxed against petitioner.

The judgment and decree of the trial court is affirmed. Remanded with directions for entry of judgment for the attorney fee allowance.

Affirmed and remanded.