**In re the MARRIAGE of Priscilla CAMP-BELL and Richard Campbell.**

**Upon the Petition of Priscilla CAMPBELL, Appellee,**

**and Concerning Richard CAMPBELL, Appellant.**

**No. 55378.**

Supreme Court of Iowa.

Feb. 21, 1973.

Ronald L. Sutphin, Des Moines, for appellant.

John A. McClintock, Des Moines, for appellee.

Heard before MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

This is an appeal by respondent (Richard) from an award of alimony and child support to petitioner (Priscilla) in a dissolution proceeding. Trial court awarded Priscilla $350 a month alimony so long as she remains single and $150 a month per child as support for the two children of the parties until such child becomes 21, dies or becomes self-supporting, whichever first occurs. Richard asserts the amounts awarded are too high. We disagree and affirm the trial court.

I. We recently restated the principles applicable in this kind of case. See Geisinger v. Geisinger, 202 N.W.2d 44, 45–46 (Iowa 1972). They will not be repeated here.

We will summarize the significant evidence. The parties were each 30 at time of trial. They had been married almost 12 years. Each is apparently in good health. They have two young children, David, seven, and Catherine, four.

During the marriage Richard worked in a family-owned plumbing business, Iowa

Plumbers Supply Company. He also invested with a brother in Campbell Enterprises, Inc., which built and leased two business buildings in a burgeoning Des Moines industrial area. The parties also had an equity in a nice house, owned furniture, one car, a boat, and life insurance. They had some offsetting debts.

Richard's income from the plumbing business with salary and usual bonus was $13,700 annually. In addition he received $1200 annually for expenses and use of a car which he valued at $1800 annually. Campbell Enterprises, Inc., showed a small net loss after depreciation but actually had $9000 net cash flow in 1970, one-half of which would be attributable to Richard's interest in the corporation. The buildings were markedly increasing rather than decreasing in value.

Although Priscilla had done some secretarial work ten years before, at the time of trial she was employed part-time as a model, netting about $500 a year after babysitting expense. She did not want to leave the children for full-time employment.

Richard had living expenses estimated at $455 monthly, and Priscilla and the children's needs were estimated at $666 monthly.

Giving full consideration to the debts of the parties and the nature of their assets, trial court awarded Priscilla the home, furniture and car. Richard was awarded his interest in Iowa Plumbers Supply Company, Campbell Enterprises, Inc., and the boat. Encumbrances followed the property. Richard was ordered to maintain the life insurance for Priscilla and the children and to keep medical and hospital insurance coverage on the children. Priscilla's resulting net worth was about $15,000, all in unproductive assets. Richard's resulting net worth was about $50,000, almost all in productive assets.

He was ordered to pay $350 monthly alimony and $300 monthly child support as previously explained.

Richard alleges the alimony and child support awards exceed his ability to pay, are not supported by the evidence, and fail to take into account Priscilla's ability to get full-time employment. He does not believe we should consider the property division in determining whether the alimony and child support awards are excessive.

However, as made clear in Geisinger v. Geisinger, *supra*, In re Marriage of Williams, 199 N.W.2d 339 (Iowa 1972), and Schantz v. Schantz, 163 N.W.2d 398 (Iowa 1968), these awards can neither be made nor evaluated in a vacuum. We apply the applicable criteria to the entire record.

■ The alimony and child support awards were no more generous to Priscilla than the property award to Richard. Obviously it was expedient to set his interests in family businesses off to him separately, and trial court was justified in considering the property division in assessing the needs and resources of the parties in order to fix alimony and child support.

In view of the ages of the children, their needs, and the situation of the parties, we do not believe Priscilla should be compelled at this time to return to full-time employment.

■ Considering the entire record, we believe the awards of alimony and child support are justified.

■ II. Priscilla's attorney has requested an allowance of attorney fees for his services on appeal and has furnished an itemized statement. Richard resists. Without fixing the total fee, we believe Richard should contribute $1000 toward Priscilla's attorney fee in defending his appeal. Judgment will be entered in the trial court accordingly.

The case is affirmed and remanded for entry of the attorney fee judgment.

Affirmed and remanded.