In re the MARRIAGE OF Martha M. COOK and Robert H. Cook.

Upon the Petition of Martha M. COOK, Appellee,

and concerning Robert H. COOK, Appellant.

No. 55060.

Supreme Court of Iowa.

March 28, 1973.

Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellant.

Laird, Burington, Bovard & Heiny, Mason City, for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and McCORMICK, JJ.

REES, Justice.

Respondent-husband, Robert H. Cook, appeals from the provisions of a decree entered in a dissolution of marriage proceedings under chapter 598, The Code, 1971, having to do with the allowance of alimony and division of property.

Parties were married May 28, 1947, while both were attending Drake University at Des Moines; petitioner was then a sophomore and respondent a junior at the University. Petitioner's family home was in Springfield, Missouri, and respondent's was Milwaukee, where his family owned a

majority interest in a photo-finishing and postcard business known as L. L. Cook Company. Respondent's father had founded a similar business in Mason City, Iowa, in 1919 known as Co-Mo Photo Company.

Both parties were 24 years of age at marriage, and were 48 years old at the time of the entry of the decree of dissolution. Two daughters were born as the issue of the marriage, one born November 27, 1953, and the second born September 28, 1958.

At the time of the marriage both parties abandoned their academic pursuits and moved to Milwaukee, where they took up residence with respondent's parents for about a year. Respondent entered the employ of L. L. Cook Company and was on the road taking photographs for use on postcards and calling on accounts. Petitioner traveled with him and helped with his work for a few hours of each week.

Some time in the late 1950's respondent left his father's employ and obtained employment as a manufacturer's representative in the lighting field, but in 1961 Co-Mo Photo Company in Mason City was opening a new color plant and respondent was requested by his father to take over the management of the same. In 1969 both L. L. Cook Company and Co-Mo Company were sold to General Analine & Film Corporation, but respondent continued as general manager at the Co-Mo plant under terms of a contract with the purchaser.

A detailed review of the record with respect to the marital difficulties of the parties would serve no useful purpose here. Certainly the record abundantly establishes the trial court was justified in finding as it did there had been a breakdown of the marriage relationship to the extent the legitimate objects of matrimony had been destroyed, and there remained no likelihood the marriage could be preserved. We reach the same conclusion from our *de novo* review of the record in the light of our present "no-fault" approach to dissolution of marriages as is now incumbent

upon us under the provisions of chapter 598, The Code, 1971, and our pronouncements recently in In re Marriage of Williams, 199 N.W.2d 339 (Iowa 1972).

The record indicates that at the time of the marriage of the parties the petitioner had no property or funds in her own right, and in fact brought nothing in to the marriage relationship out of her own earnings or by way of inheritances or otherwise. Trial court, in its findings of fact, indicated respondent at the time of the marriage had assets of a value of less than $1,000, although the record indicates respondent testified he had accumulated property of a value of from four to nine thousand dollars, and later testified he felt $5,000 would be a fair figure to indicate the value of his property at the time of the marriage. Trial court, in its findings of fact, found respondent had a net worth at the time of trial of $522,522.21, and that petitioner had a net worth comprised in the main of stocks which had been given to her by respondent of the value of $12,592.-50. These findings are adequately supported by the record.

Trial court awarded a petitioner a Buick stationwagon of a value of $2200, the household furnishings of the parties with an estimated value of $7500, decreed that she be the sole owner of the stocks in her possession which had been given her by respondent of an approximate value of $12,592.50, and directed respondent to pay to petitioner within 30 days from the entry of the decree the sum of $162,545.73.

Trial court further ordered and decreed that beginning July 1, 1971 the respondent should be required to pay to petitioner as continuing periodic alimony the sum of $600 per month, and a like sum on the first day of each month thereafter during the lifetime of petitioner unless the petitioner remarried, in which event such alimony payments were to cease.

The court further awarded the custody of the minor children of the parties to petitioner, and directed respondent be re-

quired to pay the sum of $250 per month support for each of the two children; such awards to terminate as each child attained the age of 19 years or graduated from high school, with the further proviso that if either or both of said children desired to pursue a course of higher education that respondent should pay such additional sums as might be reasonably incurred in connection with the cost of educating said child or children.

Respondent states three propositions upon which he relies for reversal:

(1) Review of a judgment granting a dissolution of marriage, determining property rights, and ordering alimony payments is *de novo*;

(2) The trial court awarded to petitioner alimony in excess of that justified; and

(3) The trial court awarded to petitioner property in excess of what was justified.

In his written brief and argument, respondent assigned two other propositions which we need not consider here as the same were abandoned by counsel for respondent at the time of oral argument.

■ I. We agree with respondent's first proposition that our review is *de novo*; it is our duty to examine the whole record and adjudicate rights anew on those propositions properly presented, provided issue has been raised and error, if any, is preserved in the course of the trial proceedings; while we give weight to the findings of the trial court, we will not abdicate our function as trier *de novo* on appeal. In re Williams, *supra*, 199 N.W.2d at 346; In re Estate of Cory, 184 N.W.2d 693, 695 (Iowa, 1971); Baker v. Starkey, 259 Iowa 480, 490, 144 N.W.2d 889, 895.

■ II. We have considered respondent's second proposition in which he contends trial court awarded petitioner alimony in excess of that justified.

This court has repeatedly taken the position that in resolving the troublesome prob-

lems inherent in awarding alimony and effecting a distribution of property rights, many factors must be considered. Gerk v. Gerk, 158 N.W.2d 656 (Iowa, 1968), and citations. We have also consistently held precedents are of little value and that any determination as to what is right is dependent upon the facts of each case. Cooper v. Cooper, 259 Iowa 277, 282, 144 N.W.2d 146, 149; Lessenger v. Lessenger, 258 Iowa 170, 172, 138 N.W.2d 58, 61. Respondent is in apparent agreement with these precepts and concedes the ultimate statement is that each case must be determined on its own facts, and cites Beno v. Beno, 260 Iowa 442, 149 N.W.2d 778.

We have also said although alimony on the one hand and allocation of property rights on the other have a different purpose, they are still closely related in the matter of determining the amounts to be allowed. Schantz v. Schantz, 163 N.W.2d 398 (Iowa, 1968); Knipfer v. Knipfer, 259 Iowa 347, 351–353, 144 N.W.2d 140, 142–144.

We find ourselves unable to agree with respondent that the award of $600 monthly alimony to petitioner is excessive. We have applied the pre-marital and post-marital criteria laid down in Schantz v. Schantz, *supra*, 163 N.W.2d at 405. We have also reviewed the record with respect to respondent's earning capacity and his demonstrated talents and abilities as a salesman and administrator. We have also had available to us all of the exhibits introduced in the trial court, particularly the income tax returns of the parties for the years 1965 to 1970 inclusive. We have of course given no consideration to those post-marital criteria in *Schantz, supra,* which were applicable to the fault concept in divorce which attended prior to the enactment of the present chapter 598, The Code, 1971. We conclude the award of $600 monthly alimony provided for in the decree of the trial court was proper.

■ III. We have also made an exhaustive review of the record with respect

to the worth of the parties, the source of the same, and all other pertinent matter touching upon the award of property made to petitioner by the trial court.

Respondent takes the view the award was in a sense punitive. We do not agree. The parties were married at age 24, when neither was seized of any property of any consequence whatsoever. Respondent takes this view because the bulk of the family holdings (practically all of which were held in the name of the respondent) came from respondent's parents by way of gifts. The record would support this contention.

We refer specifically to the return of income filed by the parties with the Internal Revenue Service for the calendar year 1969. In that year the return reflects respondent had earnings of $24,825, dividends of $5710.23, interest of $10,188.17, and capital gains income from the sale of securities in the net amount of $423,795.07. One-half of the capital gains income constituted taxable income.

A reference to the schedule attached to the 1969 return of income, which reflects pertinent information respecting the sale of stock in L. L. Cook Company and Co-Mo Photo Company is enlightening. The schedule reflects that on June 30, 1969, respondent sold 295 shares of Co-Mo Photo for the gross sales price of $301,268.75. The schedule indicates he had acquired said stock by purchase and by inheritance from 1961 to 1966, and that the cost basis thereof was $48,477.99. Said schedule further reflects the sale by respondent of 2350 shares of L. L. Cook Company sold on June 30, 1969 for $178,600. The return indicates it was acquired by purchase and by inheritance between 1961 and October of 1968, and that the cost basis was $6,282.46 *in toto*.

We recognize the cost basis to respondent at the time he sold the stock in Co-Mo-Photo and L. L. Cook Companies was the cost basis of his donor insofar as any stock is concerned which was given him by his parents, and that the actual or true value of the stock at the time of the gifts may have been considerably more than that shown on the tax return. However, we are also reminded that between 1961 when respondent took over the active management of Co-Mo Photo in Mason City and the date of the entry of the decree of dissolution, respondent's entire managerial talents, administrative efforts and sales ability had been devoted to Co-Mo Photo, and it is only reasonable to conclude such efforts and talents may have, and undoubtedly did, contribute to the attractiveness of the business to the purchaser, General Analine & Film Corporation. Therefore, the argument advanced by respondent that all of his worth substantially was represented by gifts from his parents loses its force.

In any event, the marriage of the parties continued for a period of 24 years. Petitioner is without training to enter the business world, or to produce substantially for her own maintenance and support, or the maintenance and support of the children of the parties. After deducting the award made to petitioner by way of property settlement from the net worth of the respondent, as found by the court, he was left with a net worth of $359,976.48.

We are not persuaded trial court erred in its award of property to petitioner.

IV. Petitioner has asked this court to award her reasonable attorneys' fees to be paid to her attorneys in connection with the handling of this appeal, and to order the same to be paid by respondent.

Respondent was ordered by the trial court to advance $500 for expenses of appeal, and same was apparently paid. That sum has been expended, and there are further expenses incurred, as shown by the itemization filed by petitioner's counsel, of $90.89.

Petitioner's attorneys have furnished the court with an itemized statement of time devoted to this appeal and expenses incurred in connection therewith. After an examination of the record and the afore-

said itemization, it is apparent petitioner's attorneys have devoted considerable time and effort to the appeal and have incurred the additional expense of $90.89 in the protection of plaintiff's rights relative to this appellate proceeding.

Petitioner is hereby allowed the sum of $4,090.89, in addition to any fees heretofore awarded to be paid by respondent for legal services performed and expenses incurred by petitioner's attorneys in connection with this appeal. This matter is remanded for the entry of judgment in the trial court for such additional fees and expenses.

We find no reversible error, and affirm the trial court.

Affirmed.