In re the MARRIAGE OF Fredrick J. DOWIE and Jeanann Dowie.

Upon the Petition of Fredrick J. DOWIE, Appellee,

And Concerning Jeanann DOWIE, Appellant.

No. 2–56492.

Supreme Court of Iowa.

Feb. 20, 1974.

Wasker, Sullivan, Golden, Wheatcraft & Ward, Des Moines, for appellant.

Charles J. Cardamon, Des Moines, for appellee.

Heard before MOORE, C. J., and MASON, REES, UHLENHOPP and HARRIS, JJ.

HARRIS, Justice.

The respondent-wife appeals provisions in a dissolution of marriage decree. She challenges the trial court's determination fixing alimony and child support, and the property division. We modify, affirm and remand.

Respondent-wife (Jeanann) and petitioner-husband (Fred) were married February 24, 1965. They have four children, aged seven, five, and (twins) four. Fred has demonstrated a remarkable ability and clear need to make money. He pays $400 per month support for children of a previous marriage plus $100 per month to dispose of a $3000 obligation which accumulated as arrears in those support payments.

During this marriage the parties lived rather extravagantly in a $60,000 home in Des Moines. There is no evidence either Fred or Jeanann compelled the other to live beyond their means. There is no doubt however such a pattern developed. It perhaps can be traced to the same sharp dispute which is the basis for all questions presented in this appeal. The parties do not agree on the amount of Fred's income. The present state of finances reflects the ravages of past ostentation in living style.

Fred is the sole shareholder of Dowie Enterprises, a pancake house in Des Moines. He is 40 years old. Extremely industrious, he apparently built this successful business by his own efforts. He draws a salary of $30,000 annually. He uses a corporation car and apparently family food bills are paid through the corporation. Even so the corporation earned a 1972 profit of $9000. He owns 1000 shares of Huck Finn stock. Jeanann believes he owns other undisclosed stocks as well.

Jeanann is 34. She was a bank teller before the marriage. We agree with her belief she should not return to work during the childhood of the four children.

Jeanann raises the possibility one of the twins might be retarded. There is nothing in the record supporting such a fear. We accordingly cannot treat it as an established fact. Fred's counsel concedes such a fact, if established, would constitute a change of circumstances.

The trial court ordered the home sold. From the proceeds derived from the sale a first mortgage of $19,931.24 and a second mortgage of $6264.91 were first to be retired. Thereafter the proceeds were to be used to pay a $2402.55 balance on Jeanann's automobile, $1890 balance due for dental work and a department store bill of $225. After the payment of these amounts the first $10,000 of any net remaining was to be paid to Jeanann, the next $10,000 of any net remaining to Fred. Any balance thereafter was to be divided equally between Jeanann and Fred.

The trial court was right in reaching the difficult decision to order the house sold. It remains Fred's primary obligation to pay $500 per month to support the children of his first marriage. It would cost $667 monthly to maintain the household. Alimony to Jeanann was set at $350 which amount we believe proper. Child support to the four children of this marriage was fixed at $130 per child per month for three of the children and $160 per month for the fourth child, a total of $550 per month. Jeanann, as we have seen, was given her own automobile free of debt. She was allowed her household goods and two horses worth $250.

Under the plan set up by the trial court Fred must pay $1400 per month and retire $20,000 in other debts. He does keep his entire business and the Huck Finn stock.

Jeanann has appealed by reason of her disagreement as to Fred's income. She claims he makes in excess of $40,000 an-

nually and implies he is concealing assets. Fred claims he does not make the $30,000 found by the trial court and insists he has an incredible debt burden. Our de novo review leads us to the belief and finding Fred's income, including salary, corporate earnings, and the extra benefits totals approximately $40,000.

I. The parties do not seriously dispute the governing legal principles. Our review is de novo. Rule 334, Rules of Civil Procedure. We give weight to the findings of the trial court but are not bound by them. Rule 344(f)(7), R.C.P. Precedents are of little value, each appeal being determined on a case by case basis. In re Marriage of Romig, 207 N.W.2d 780 (Iowa 1973). The criteria for a proper determination were compiled in Schantz v. Schantz, 163 N.W.2d 398 (Iowa 1968). The criteria were modified to accommodate statutory amendments in the case of In re Marriage of Williams, 199 N.W.2d 339 (Iowa 1972) after which we omitted any consideration of fault. The criteria apply in questions of either alimony or property division. Geisinger v. Geisinger, 202 N.W.2d 44 (Iowa 1972).

We believe the trial court did the best it could in what is always a painfully difficult determination. We agree it would be advantageous to the children to have the house awarded to Jeanann. But we believe the economic realities make this impossible. Even with his income Fred does not have the ability to pay support for his first family, this family, pay his indebtedness, sustain himself and maintain the house.

We do find merit in Jeanann's argument the alimony payments should continue. The trial court ordered them terminated September 1, 1975 and with this we do not agree. Jeanann will not by then obtain any skills or education to fairly avail herself of employment. In any event the children need to have her remain in the home and serve them as a full time mother.

The case is remanded for an order by the trial court amending its decree so as to order the alimony payments, as previously fixed and determined, continue until the death of either party, unless Jeanann shall sooner remarry. Fred is also ordered to pay $1250 toward Jeanann's attorney's fees on appeal. As so modified the judgment of the trial court is

Modified, affirmed and remanded.