In re the MARRIAGE OF Georgeann L. MATSON and John R. Matson.

Upon The Petition of Georgeann L. MATSON, Appellee,

And Concerning John R. MATSON, Appellant.

No. 55921.

Supreme Court of Iowa.

Feb. 20, 1974.

Virgil Moore, Des Moines, for appellant.

Frank A. Comito, and Dale L. Spencer, Des Moines, for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REES and UHLENHOPP, JJ.

MOORE, Chief Justice.

Respondent-husband appeals from alimony provision in dissolution of marriage decree. He contends it was not "justified" as required by Code section 598.21. We affirm.

■ I. The parties do not disagree on the applicable principles of law involving the always troublesome problem of awarding alimony. Each party cites and relies on the premarital and post-marital criteria regarding alimony which we laid down in Schantz v. Schantz, Iowa, 163 N.W.2d 398, 405. We have repeatedly cited and followed the factors to be considered as stated in Schantz. We need not repeat them here. We must note however the "guilty party" concept is no longer to be considered. See In re Marriage of Williams, Iowa, 199 N.W.2d 339, 345.

■ II. Our review in this equity action is de novo. Rule 334, Rules of Civil Procedure. We give weight to the fact findings but are not bound by them. Rule 344(f)(7), R.C.P.

■ Code section 598.21, as material here, provides: "When a dissolution of marriage is decreed, the court may make such order in relation to the children, property, parties, and maintenance of the parties as shall be justified." Thus it is readily apparent a just determination of the question of alimony is peculiarly dependent upon the facts in each case. No two cases are factually alike. Precedents are of little value. Geisinger v. Geisinger, Iowa, 202 N.W.2d 44, 46, and citations. In other words the matter "can only be resolved on an ad hoc basis by a fair consideration of all relevant factors." In re Marriage of Murray, Iowa, 213 N.W.2d 657, 659, and citations. We therefore go to the material facts as disclosed by the record.

■ III. John and Georgeann Matson were married on June 7, 1953. John was in the military service. Georgeann worked as a carhop at El Paso, Texas. Upon John's discharge from service the parties moved to Kansas where he returned to school at Kansas State. Georgeann worked in a clothing store for approximately one year. She had one year of college training in art. After John's graduation as a veterinarian the parties moved to Minneapolis.

During the periods they were in Kansas and Minnesota, four children were born: Roxanne; Judy, born March 4, 1960; Robin, born May 26, 1961; and Karen, born January 16, 1963. At trial time Roxanne was married and no longer a dependent.

In 1964 the family moved to Des Moines. They had acquired shares in a mutual fund which by trial time were valued at $2500.

On arrival in Des Moines John began his practice of veterinary medicine. Georgeann worked as a receptionist, secretary and bookkeeper at the clinic for two or three years. Her salary was $5910, net $4000 per year. Thereafter, apparently by mutual agreement, Georgeann devoted her time as a homemaker including care of the parties' four daughters. She gave some time to teaching of ceramics and the sale of such products. Very little profit resulted from that activity which she soon quit.

John's practice was financially successful from the start. His net earnings increased each year. In 1971 his net income before taxes was $31,838. The trial court's findings of fact and the dissolution of marriage decree, dated July 28, 1972, establish the undisputed fact the parties had acquired considerable property, both real and personal.

The decree awarded petitioner-wife the residence property appraised at $30,000, subject to the mortgage balance of $20,398.71. The house payment, real estate taxes and insurance totaled $329 per month. The septic tank at times drained

into the yard. Public sewer was about to be installed in the street. It was estimated that within two years Georgeann would be faced with a public sewer installation expense of $1800. She was also granted the household furnishings; ceramic equipment; a tractor; the shares of stock in a mutual fund valued at $2500; a 1971 Chevrolet Impala; two horses which had been used by the children and $5000 cash.

The decree awarded respondent-husband the veterinary clinic building appraised at $22,500, subject to an encumbrance of $6575; a recently purchased old house appraised at $9500, subject to a $7508 encumbrance; veterinarian equipment and supplies; shares of stock valued at $5000 in Excel Corporation; Central National Bank stock valued at $3000; $9500 deposited in the Iowa-Des Moines National Bank and a 1965 Oldsmobile.

Custody of the three minor daughters was given to petitioner with reasonable visitation rights to respondent. He was ordered to pay $200 per month per child until the child reaches age 19, became self-supporting or died. The court ordered respondent to maintain his existing life insurance policies with petitioner as primary beneficiary for as long as child support and alimony payments were required. Respondent was given the right to claim the three minor children as dependents for state and federal income tax purposes.

The trial court, apparently recognizing the standard of living established by the parties, and the fact petitioner was to remain unemployed and devote full time to the care and welfare of the children, ordered respondent to pay $500 per month alimony until petitioner remarried or died.

The sole issue argued by respondent's counsel on this appeal is the justification of the alimony allowance. At trial time petitioner was 38 years of age and of good health. She had attained some ability as a bookkeeper at the clinic. She expressed the strong desire to remain at home with the daughters until each completed high school. Apparently that had been so planned by the parties before domestic difficulties occurred.

Petitioner testified the total expense for the three children and herself living in the existing home would be approximately $1300 per month. Respondent's estimate was about $800. Obviously the trial court did not agree with either.

Our de novo review of the entire record brings us to the same conclusion as that reached by the trial court regarding the alimony allowance.

Under the particular facts here presented we find respondent is not entitled on this appeal to a change of the alimony allowance.

Affirmed.