Geraldine J. YOUEL, Appellant,

v.

James S. YOUEL, Appellee.

No. 2–56148.

Supreme Court of Iowa.

May 22, 1974.

Napier, Napier & Wright, Fort Madison, for appellant.

Fehseke & Fehseke, Fort Madison, for appellee.

Heard by MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

Plaintiff Geraldine J. Youel (Geraldine) appeals the property and support provisions of trial court's decree dissolving her marriage to defendant James S. Youel

(James). We affirm in part, reverse in part, modify and remand.

Geraldine petitioned for separate maintenance prior to adoption of the dissolution of marriage statute, effective July 1, 1970, which now appears as Code chapter 598. When that statute became effective, James cross-petitioned for dissolution. Upon trial, the court ordered a dissolution of the marriage. Geraldine does not appeal that part of the decree.

At the time of the December 7, 1971, trial Geraldine was 50 and James was 49. The couple had been married for 23 years. Five children were born of the marriage, Lisa, Curtis, Josh, Tish, and Julie, then ages 19, 15, 11, 10 and 8.

James is head football coach and math teacher at Fort Madison High School. His gross earnings in 1971 from teaching and coaching were $14,000. He earned an additional $1200 from summer and evening work. He testified his net take-home pay from teaching was $11,000 after deductions for tax withholdings, health insurance, and an educational fund for the children. He said he could expect only cost-of-living raises.

Geraldine had not been employed outside the home during the marriage except for an unspecified period one day a week at a charm school. She quit for health reasons. The record does not reveal her education or any job-training. She testified she has a heart condition and has been advised by her physician not to work.

The property of the parties consisted of a family home, a 1956 Pontiac, a 1961 Ford, and household furnishings.

The home was purchased in about 1960 for $27,500. Geraldine contributed toward the purchase $6000 received by her prior to marriage. James contributed toward the purchase $8000 received in gifts from his father. Subsequent monthly mortgage debt payments for principal and interest of $152.19, taxes, insurance and maintenance expense were paid from James' earnings.

At trial time, the mortgage debt was about $12,000.00. No evidence was received as to the value of the home, but in his financial affidavit James estimated its value at $35,000 to $50,000.

At the conclusion of the evidence the trial judge dictated his findings into the record and directed James' lawyer to prepare a decree to be submitted to the court after approval as to form by Geraldine's lawyer. For some reason, unexplained in the record, the decree was not entered until January 29, 1973. Although we do not understand this delay, neither party complains of it, and we assume it was intentional on their part.

In its decree the court gave custody of the four minor children of the parties to Geraldine, subject to reasonable visitation by James. He was ordered to pay child support of $20 per week per child to terminate as to each child as such child reaches the age of 18 or marries or becomes self-supporting. She received the 1956 Pontiac and household furnishings, and he received the 1961 Ford and other household furnishings. Geraldine was given the right to occupy the residence until the youngest child reaches 18, marries or becomes self-supporting, and James was ordered to make mortgage payments, pay taxes and upkeep during that period. Then the house was to be sold, James reimbursed for post-dissolution mortgage payments, including principal and interest, and any remaining proceeds divided equally between the parties. No alimony was awarded.

James was ordered to maintain medical insurance on the children, to pay their medical and dental bills, and to pay $1029.-58 in debts. He was also ordered to pay $350 of Geraldine's attorney fees.

Five questions are presented in this appeal: (1) Should Geraldine receive alimony? (2) Should child support be increased? (3) Should Geraldine receive the home outright? (4) Should James be ordered to pay a larger trial court attorney fee for Geraldine? and (5) Should James

be required to pay an attorney fee for Geraldine on appeal?

■ I. *Alimony.* Trial court observed, "The court is not going to award any alimony because I am satisfied that we really don't have assets out of which to award alimony." Geraldine contends she is entitled to alimony.

In Schantz v. Schantz, 163 N.W.2d 398 (Iowa 1968) we listed a number of criteria to be considered in arriving at an equitable determination of economic questions in divorce cases. After the dissolution statute became effective in 1970, we eliminated consideration of fault. In re Marriage of Williams, 199 N.W.2d 339 (Iowa 1972).

Postmarital criteria listed in the Schantz case which have application in the present case include:

1. Duration of the marriage.

2. Number of children, their ages, and physical or mental conditions.

3. Net worth of property acquired, contributions of each party thereto by labor or otherwise, net worth and present income of each party.

4. Present physical health of each party.

5. Earning capacity of each party.

6. Ability of one party to pay balanced against relative needs of the other.

(1) These parties were married 23 years. (2) They have five children, four of whom still require care, and one of whom was only 8 years old when the marriage ended. Several of the children have skin problems, requiring regular medication. (3) The home of the parties is their only substantial asset. Geraldine contributed to its acquisition. In his financial affidavit James estimated its 1971 value as $35,000 to $50,000, indicating an equity of $23,000 to $38,000. James had an annual income of more than $15,000. Geraldine had none. (4) The record does not show James has any health problem. It does show Geraldine has a heart condition which requires care including regular medication. (5) James can be expected to continue his earnings until retirement, augmented by periodic cost-of-living increases. Geraldine will have no earnings in the foreseeable future. (6) Although James cannot support his family in the same manner as if they were together, and perhaps not to the level of actual need, he can afford to contribute to the support of Geraldine and his children.

James now argues, although he did not at trial, that Geraldine is able to obtain gainful employment. There is credible evidence Geraldine is physically disabled from doing so. James alleges her testimony should not be accepted because it was not supported by medical evidence. Only Geraldine and James testified at trial. He did not dispute her claim of health impairment, and trial court, who was in a position to see and hear the witnesses, said, "I am impressed with the sincerity of both * * * parties." We give deference in equity cases to trial court assessments of credibility. We believe the record supports Geraldine's assertion of physical disability.

In addition, if it reasonably can be avoided we do not believe a mother in custody of young children should be compelled upon dissolution of her marriage to work outside the home. In re Marriage of Matson, 215 N.W.2d 358, 360 (Iowa 1974); In re Marriage of Dowie, 215 N.W.2d 276, 277 (Iowa 1974); In re Marriage of Beeh, 214 N.W.2d 170, 174 (Iowa 1974); In re Marriage of Campbell, 204 N.W.2d 638, 639 (Iowa 1973).

We agree with James he should not be required to pay alimony now, but we believe he should be required to do so as his child support and other obligations diminish.

Therefore James will be required to pay $20 per week alimony when his child support obligation terminates as to the first child and $40 per week when it ceases as to the second, to continue at that rate until

his child support obligation ceases altogether, at which time his alimony obligation will increase to $300 per month, and shall continue at that rate during the lifetime of both parties so long as Geraldine remains single. See In re Marriage of Murray, 213 N.W.2d 657 (Iowa 1973); In re Marriage of Carney, 206 N.W.2d 107, 113–114 (Iowa 1973).

■ II. *Child support.* Geraldine complains because child support payments reduce ratably as each child reaches 18 whereas her household expenses will not. See In re Marriage of Glass, 213 N.W.2d 668, 671 (Iowa 1973). We believe the alimony award will answer this complaint.

She also asks that support payments for each child continue until each child reaches 21. Under the record in this case we believe trial court was right in permitting payments for each child to cease at age 18. See §§ 598.1, 598.21, The Code. Assistance by James with expenses of advanced schooling of the children should remain voluntary in view of the paramount nature of his obligations under the decree.

■ III. *Property division.* In view of the considerations discussed in Division I, we agree with Geraldine's contention the property division was inequitable. Under the decree she would have use of the home for about ten years but would be charged retroactively for such use when the home was sold since James would receive reimbursement for all post-dissolution mortgage payments from the proceeds of sale. We hold the net proceeds of sale should be divided equally without deduction of mortgage payments.

■ IV. *Trial court attorney fee.* Trial court allowed Geraldine $350 from James for her attorney fee at the trial level. She contends this allowance should have been larger. An itemized statement was not presented. We believe the fee might well have been larger, but without an itemization, and giving weight to trial court's findings, we are not justified in

substituting our judgment for that of the trial court. In re Marriage of Beeh, supra, 214 N.W.2d at 176.

V. *Attorney fee on appeal.* We do have an itemization of time expended by Geraldine's counsel in handling this appeal. Considering the limited resources of the parties we believe James should be required to pay $750 toward Geraldine's attorney fee and expenses for the appeal.

Costs are taxed to James.

The decree of the trial court is affirmed in part, reversed in part, and modified. The case is remanded for decree in accordance with this opinion.

Affirmed in part, reversed in part, modified and remanded.

All Justices concur except LeGRAND J., who concurs in Divisions II, IV and V and dissents from Divisions I and III.