**In re the MARRIAGE OF Ivy M. WARD and Thomas Eugene Ward.**

**Upon the Petition of Ivy M. WARD, Appellee, and concerning Thomas Eugene WARD, Appellant.**

No. 2–57626.

Supreme Court of Iowa.

March 19, 1975.

Rex Vincent Roupe, West Des Moines, for appellant.

Leo J. Tapscott, Des Moines, for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, REES and McCORMICK, JJ.

McCORMICK, Justice.

This is an appeal from the economic provisions of a dissolution decree. Respondent Thomas Eugene Ward contends the trial court imposed excessive financial obligations upon him in its decree dissolving his marriage to petitioner Ivy M. Ward. We agree in part with his contention. The decree of the trial court is modified in part and affirmed in part.

At the time of trial Thomas was 46; Ivy was 44. They married in 1952. Ivy had a college degree and teaching certificate. She taught school and contributed her earnings to the marriage for about six years while Thomas finished college and optometry school. He entered the practice of optometry in Des Moines in 1961. Ivy did not work outside the home thereafter except for occasional substitute teaching in a parochial school. She did not hold an Iowa teaching certificate at the time of trial. Thomas built a successful optometry practice, steadily increasing his income and earning a net income before taxes of about $27,700 in 1973.

The parties have two children, Randy, 19 and Drucinda, 18. Both are in college.

The record shows the principal assets of the parties are their home, in which they have an equity of about $18,000, and the optometry business, valued at about $10,500 exclusive of good will. In the dissolution

decree Ivy was awarded the home subject to mortgage, and Thomas was awarded the assets of his business. Ivy also received household goods and furnishings and an automobile. Thomas received a lot on East Okoboji, a boat, and an automobile.

Thomas was ordered to pay the general debts of the parties, totalling about $15,000, as well as the debt on Ivy's automobile of about $900. He was also ordered to keep a life insurance policy carrying an annual premium of $775 in force, with Ivy as beneficiary. In addition he was required to pay all college expenses of the children, alimony of $650 per month for 24 months, alimony of $700 per month thereafter, and trial court attorney fees for Ivy of $1200. He estimates the college expense at $7600 per year.

We have reviewed the economic provisions of the decree in light of the criteria in Schantz v. Schantz, 163 N.W.2d 398, 405 (Iowa 1968), excluding consideration of fault. See In re Marriage of Zoellner, 219 N.W.2d 517, 523 (Iowa 1974). We conclude the decree imposes an unreasonable financial hardship on Thomas.

The property division was equitable and is confirmed. However, Ivy should be required to assume the debt on her automobile.

Alimony should be reduced to $500 per month commencing with the payment due April 15, 1975, to continue until Ivy's remarriage or the death of either party.

Thomas should be required to pay tuition, fees, and expense of books and course materials for the college undergraduate education of Randy and Drucinda. Any additional contribution by either parent toward their college education shall be voluntary. See In re Marriage of Cooper, 225 N.W.2d 915 (Iowa 1975); In re Marriage of Briggs, 225 N.W.2d 911 (Iowa 1975); Youel v. Youel, 218 N.W.2d 449, 452 (Iowa 1974); §§ 598.1(2), 598.21, The Code.

Thomas shall also be required to contribute $1000 toward Ivy's attorney fee on appeal.

The case is remanded to the district court for entry of a modified decree. Except as modified the original decree is affirmed.

Modified in part, affirmed in part, and remanded.