### In re the MARRIAGE OF Charles J. RINGUS and Gladys L. Ringus.

### Upon the Petition of Charles J. RINGUS, Appellee, and concerning Gladys L. RINGUS, Appellant.

No. 2–56757.

Supreme Court of Iowa.

March 19, 1975.

Warren L. De Vries, Mason City, for appellant.

Beck, Pappajohn & Shriver, Mason City, for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, REES and McCORMICK, JJ.

REES, Justice.

This case involves an appeal by respondent wife and a cross appeal by petitioner husband from provisions of a decree of dissolution of marriage having to do with the division of marital property and the allowance of alimony to respondent wife.

The parties were married on June 22, 1946. They are the parents of two children, both of whom were of full legal age at the time of trial. It appears Charles has been helping the younger of the two, a daughter, by defraying a portion of her expenses while attending college.

At time of trial Charles was 49 years of age and Gladys was 50. Charles had a ninth grade education and had been employed as a chief lineman for a utility company where he earned gross pay of $580 for each of 27 annual-pay periods. Certain payroll deductions went to retire a loan to an employee's credit union, but it appeared that after that obligation had been met in full, Charles' net spendable income without consideration of raises in pay would be $437 for each of his 27 annual-pay periods.

Gladys, a high school graduate, had one year of training at a business college and had limited employment experience. She had been a representative of the Avon organization, selling cosmetics and related products for a period of ten or eleven years, and had been temporarily employed as a clerk in several retail establishments. She had never been employed on a full time basis during the marriage.

The parties had accumulated a home valued at approximately $20,000, with a mortgage balance thereon of $5500, a 1971 Chevelle automobile driven primarily by Gladys valued at approximately $2500, a 1968 Buick driven primarily by Charles valued at $900, a riding lawn mower valued at $400, household furniture valued at $2000 and four lots in a cemetery valued at $760. Both of the automobiles were encumbered to secure a loan which equaled or exceeded the value of the automobiles.

Both parties appeared to be in reasonably good health, although Charles had had surgery for a stomach ulcer and Gladys was afflicted with varicose veins and had what she characterized as a nervous condition.

In its decree trial court directed the residence of the parties be sold subject to the encumbrance thereon, and that the net proceeds from the sale be divided equally between the parties. The court awarded Gladys the household furnishings and two of the cemetery lots, and further awarded her permanent alimony in the sum of $4160, payable in weekly installments of $40. All of the other property of the parties, including the two automobiles, were awarded to Charles.

Gladys now appeals, contending

a) Trial court erred in failing to provide for alimony beyond the period of the first 104 weeks following the decree of dissolution; and

b) trial court erred in failing to award one of the two automobiles to her.

Charles cross-appeals, contending the award of alimony was excessive.

■ I. Our review here is de novo, and in undertaking it we examine the whole record and adjudicate rights anew on those propositions properly presented. We give weight to the findings of the trial court but will not abdicate our function as trier de novo on appeal. In re Marriage of Novak, 220 N.W.2d 592, 597 (Iowa 1974); In re Marriage of Cook, 205 N.W.2d 682, 684 (Iowa 1973).

II. The record indicates both of the automobiles of the parties were encumbered by the indebtedness running in favor of the credit union. Appellant complains the court erred in not awarding to her one of the automobiles, suggesting that the court should have awarded her the Chevelle automobile.

■ We are not persuaded the action of the trial court in refusing to award one of the automobiles to Gladys was improper.

Surely the division of property between Charles and Gladys as effected by the decree of dissolution was equitable in light of the indebtedness of the parties and the fact that Gladys was awarded at least one-half of the value of the holdings of the parties. We feel there is no merit in Gladys' contention the court should have awarded her the Chevelle automobile.

III. In its decree trial court limited the payment of periodic alimony to Gladys for a period of two years at the rate of $40 per week. Trial court in making such an award of alimony obviously contemplated (in fact, expressly provided in its decree limiting the periodic alimony payments to a two-year period) that Gladys would be able to secure regular employment within two years. Trial court apparently justified the limitation of alimony to a two-year period on the grounds Gladys' share of the marital property exceeded that awarded Charles as diminished by debts he was ordered to assume.

The marriage of these parties continued for a period of 27 years. During that period Charles had, with the assistance of Gladys, been able to command a substantial income in the labor market. Gladys as the homemaker and the mother of two children was limited in employment outside the home to occasional work as a house-to-house salesperson and as a clerk in mercantile establishments. These circumstances coupled with the fact she was aged 50 at the date of the entry of the decree rather effectively removed her from an employable status in the job market.

■ Under all of the circumstances in this case, we are unable to agree with trial court that the payments of periodic alimony to Gladys should cease at the end of two years from the date of the entry of the decree. The record rather abidingly satisfies us the payments of periodic alimony should continue until the remarriage of Gladys or the death of either party or until a showing of significant change in circumstance satisfies the trial court an increase

or diminution of such allowance of alimony is expedient. See § 598.21, The Code, 1973.

Our conclusion above is based on the application of the criteria compiled in Schantz v. Schantz, 163 N.W.2d 398 (Iowa 1968), eliminating any consideration of fault. See In re Marriage of Williams, 199 N.W.2d 339 (Iowa 1972).

The judgment of the trial court is reversed in part and modified, and this case is remanded for the entry of judgment in accordance with this opinion.

Affirmed in part, modified and remanded with directions.