In re MARRIAGE OF Roger R. FISHER and Katherine A. Fisher.

Upon the Petition of Roger R. FISHER, Appellee,

and concerning

Katherine A. FISHER, Appellant.

No. 2–57146.

Supreme Court of Iowa.

Jan. 21, 1976.

Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellant.

Cudahy, Wilcox, Handley & Magee, P. C., Jefferson, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and REYNOLDSON, JJ.

REES, Justice.

Respondent wife, Katherine A. Fisher, appeals from the property settlement and alimony provisions of a decree dissolving her marriage to petitioner, Roger R. Fisher. We modify the provisions of the decree.

The parties married August 9, 1953, and the decree of dissolution was filed January 31, 1974. At the time of the marriage Roger was age 21 and Katherine 19. Three children were born as the issue of the marriage, viz., David, born July 11, 1954, Lorri, born September 16, 1955, and John, born October 6, 1958. At time of trial David was a sophomore at Iowa State University and Lorri a freshman at the University of Iowa. John was a high school student and resided with his mother, to whom his custody was awarded by the decree.

Following the marriage the parties lived in California where Roger was stationed as a member of the armed forces. They then returned to Iowa and became active in a family farm partnership with Roger's parents and a brother. Roger devoted his entire time in the farming enterprise until 1965 when he entered Iowa State University and graduated in 1969 with a degree in Farm Operations and Economics. In 1971 Roger became employed as a commodity broker on a part-time basis, still continuing his successful farming operation. At trial time Roger, although still actively farming, was employed as Director of the Agricultural Division of the Iowa Development Commission at a salary of $13,800 per year.

Trial court found the net worth of the parties to be $153,500, without including in said amount several automobiles owned by the parties, two of which were used by the two older children, some riding horses and feed for same. In its finding the court determined the net worth figure to be the aggregate of the following items: home in Grand Junction $37,500, household furniture $5000, 160-acre farm $128,000, and farm machinery $10,000, minimized by indebtedness of the parties in the amount of $27,000. The record seems to fairly support the findings of the trial court respecting the property of the parties.

Trial court properly found from the record before it that Katherine had resumed her pursuit of a college education at Iowa State University, and at time of trial needed 30 semester hours to graduate. There is nothing in the record to indicate Katherine had independent property in her own right, or that she had contributed monetarily to the accumulated net worth of the parties.

In its decree trial court awarded Katherine the home in Grand Junction and its furnishings, a 1971 automobile and a lump sum award of $10,000. Roger was ordered to pay the sum of $225 per month as child support until the youngest child (John) attained age 18 or until his graduation from high school, whichever first occurs. Katherine was awarded $325 per month alimony for a period of 30 months and $125 per month thereafter until her remarriage or until the death of either party. Roger was required by the decree to support all three children during four years of college.

Katherine here contends the trial court erred in not properly considering all relevant criteria in making division of the property of the parties, and in fixing the amounts to be paid to her as alimony and child support.

I. Our review is *de novo.* Without considering the fault concept, we apply the general formula detailed in *Schantz v. Schantz,* 163 N.W.2d 398, 405 (Iowa 1968),

in arriving at an equitable determination of financial or property rights of parties in an action for dissolution of marriage.

■ II. Application of the *Schantz* criteria to the record before us leads us to the conclusion the decree in this case must be modified to afford Katherine enhanced participation in the division of the property of the parties. The lump sum settlement of $10,000 provided for in the decree is increased to $22,500. The provisions of the decree relative to the payment by Roger to Katherine of the sum of $325 per month for 30 months, and $125 per month thereafter until Katherine's remarriage, or until the death of either party, are modified. Roger shall be, and is, required to pay the sum of $375 per month for 60 months retroactive to date of decree, and $225 per month thereafter until the death of either party, or until the remarriage of Katherine.

■ III. Counsel for appellant asks this court to award attorney's fees for the prosecution of this appeal. Appellee is ordered to pay to Katherine's counsel, within 90 days from the date of the filing of this opinion, the sum of $600 toward such attorney's fees. Costs taxed to appellee.

The decree in this case is modified in the respects above referred to, and otherwise affirmed.

Modified and affirmed.