**In re the MARRIAGE OF Diane C. McDOWELL and Cecil Michael McDowell.**

**Upon the Petition of Diane C. McDowell, Appellant,**

**and concerning Cecil Michael McDowell, Appellee.**

No. 3–59023.

Supreme Court of Iowa.

July 30, 1976.

David W. Leifker, Hughes & Leifker, Dubuque, for appellant.

William C. Fuerste of Fuerste, Carew & Coyle, Dubuque, for appellee.

Heard by MOORE, C. J. and LeGRAND, REES, UHLENHOPP and REYNOLDSON, JJ.

REYNOLDSON, Justice.

Petitioner-wife's appeal in this dissolution action raises issues relating to child custody, property division and attorney fees.

At time of trial petitioner Diane C. McDowell was 34 years old; respondent Cecil Michael McDowell was 39. Following their marriage on February 27, 1960 they adopted two children: Michael James, born April 6, 1968, and Kelly Lynn, born November 20, 1970.

Respondent, a high school graduate earns approximately $12,500 per year as an incentive piece worker at Flexsteel Industries in Dubuque. Petitioner, who completed eleven school grades, worked part time at Kresge's. She earned $2.70 per hour, and intended to increase her hours of work.

In 1971 these parties moved from Dubuque to the country home they owned and lived in at trial time. The move apparently intensified respondent's reclusive tendencies. He was content to remain on the premises during all non-working hours. Petitioner, more gregarious, wanted some social activity and recreation. The inevitable marital stress resulted.

Petitioner testified when she went to a doctor the previous year she was disturbed about her marriage and thought she had developed an ulcer. Her doctor diagnosed her physical condition as a "nervous stomach". He prescribed librium which she has been taking at the rate of about three pills a day. Although respondent testified there were "two Dianes", one with pills and one without, and that she was "hooked on librium", there was no evidence she abused the drug.

The record reflects little regarding the children's characteristics except they are well-adjusted, happy and polite. All trial testimony indicated the children had been well cared for by these parties, each being a competent parent.

Trial court's decree awarded respondent-father custody of the children with reasonable visitation rights granted to petitioner. Respondent was awarded the residence property valued at $25,000 (the insured value), his guns and sporting equipment. Petitioner was awarded a 1971 Mercury auto, the good china, silverware, crystal, color TV and her sporting equipment. She was awarded a $3000 judgment against respondent. The costs, taxed to respondent, included $300 attorney fees for petitioner's counsel.

## I. *Child custody.*

■ Fortunately our task here is not to decide which of two parents is less unacceptable, but which of two competent, loving parents can minister more effectively to the best interests of the children. Both parties have thoroughly analyzed this issue in their briefs, in light of those criteria collected in *In re Marriage of Winter*, 223 N.W.2d 165 (Iowa 1974).

Each parent has one "flaw": respondent probably over protects and indulges the children, petitioner is extremely nervous and continues to require tranquilizers. Each litigant admits the other is a good parent, each loves the children and wants custody of them. Both would have competent sitters available during working hours.

Although trial court might have awarded custody to petitioner, the operative facts under the *Winter* criteria are in equipoise. The scales are tipped to respondent-father by our rule giving weight to trial court's findings. *In re Marriage of Ringus*, 226 N.W.2d 805, 807 (Iowa 1975); *In re Marriage of Callahan*, 214 N.W.2d 133, 136 (Iowa 1974). We affirm trial court's resolution of the custody issue.

## II. *Property division.*

■ We have examined trial court's division of marital assets under the principles of *Schantz v. Schantz*, 163 N.W.2d 398 (Iowa 1968) and *In re Marriage of Williams*, 199 N.W.2d 339 (Iowa 1972).

In addition to her contributions as mother and homemaker, petitioner went back to work in 1971 because the parties were in debt. She testified her money "always [went] into the house". Respondent admitted his wife "paid some of her money into the bills."

Petitioner could earn only $5600 per year if she worked full time at her present hourly wage. Respondent earns $12,500 per year.

Each party received personalty approximately equal in value. Respondent was awarded the $25,000 home subject to a $9000 mortgage. While not specifically mentioned in the decree, it is clear the household furniture and equipment remained in the home, with the exception of the television, china, silverware and crystal awarded petitioner. Gross assets of the parties totaled about $31,000. Respondent was required to pay the agreed indebtedness of $14,900. Net assets totaled $16,100. Petitioner was awarded the Mercury auto valued at $1675 and a lump sum of $3000, less than one-third the value of their net assets. We find this to be inequitable. See *In re Marriage of Freese*, 226 N.W.2d 800, 803 (Iowa 1975).

Respondent asserts the division was appropriate because petitioner is not required to pay child support. On the other hand, she was not awarded alimony. While respondent was honing his earning skills in the commercial job market, she was fulfilling the function of homemaker and mother. It has yet to be demonstrated that petitioner, with neither a high school education nor meaningful job training, can earn more than a bare subsistence.

In addition to the property and sum already awarded her, we find petitioner should be awarded the additional sum of $4000, payable in four equal annual installments, without interest, the first payment of $1000 to be made January 1, 1977.

### III. *Attorney fees.*

■ Advances by counsel for printing will be reimbursed in the costs, which we now tax to respondent. Counsel itemized other expenses totaling $71.50; with 63.3 hours expended for legal services.

Without attempting to value services of petitioner's counsel, we hold respondent shall pay within three months from the date this opinion is filed the sum of $771.50 to apply on petitioner's attorney fees and costs advanced by counsel. See *In re Marriage of Seidenfeld*, 241 N.W.2d 881, 884 (Iowa 1976); *In re Marriage of Fisher*, 237 N.W.2d 452, 454 (Iowa 1976).

We affirm the provisions of trial court's decree relating to child custody. Property division is modified and attorney fees awarded as above set out. This case is remanded for entry of decree in accordance with this opinion.

AFFIRMED IN PART, MODIFIED IN PART, AND REMANDED WITH DIRECTIONS.