Roxanne M. THAYER, Plaintiff-Appellee,

v.

Charles B. THAYER,
Defendant-Appellant.

No. 2–62627.

Court of Appeals of Iowa.

Oct. 18, 1979.

Application for Further Review Denied by Supreme Court on Nov. 30, 1979.

Jay H. Honohan, of Honohan, Epley, Lyon & Kron, Iowa City, for defendant-appellant.

Charles T. Traw, of Leff, Leff, Leff, Haupert & Traw, Iowa City, for plaintiff-appellee.

Heard by OXBERGER, C. J., DONIELSON, SNELL, CARTER and JOHNSON, JJ.

DONIELSON, Judge.

Defendant, Charles B. Thayer, appeals trial court's refusal to modify 1963 divorce decree to eliminate $100 per month alimony payment to plaintiff, Roxanne M. Thayer, contending there has been such a material change in circumstances that the alimony payments should be eliminated. We affirm.

■ Our review is de novo. *In re Marriage of Full*, 255 N.W.2d 153, 156 (Iowa 1977); Iowa R.App.P. 4.

■ Modification of the alimony provisions of a dissolution decree is justified only if there has been some material and substantial change in the circumstances of the parties, financially or otherwise, making it equitable that other terms be imposed. *In re Marriage of Jensen*, 251 N.W.2d 252, 254 (Iowa 1977); *Spaulding v. Spaulding*, 204 N.W.2d 634, 635 (Iowa 1973). The burden rests on the party seeking modification to establish such a change of circumstances by a preponderance of the evidence. *Mears v. Mears*, 213 N.W. 511, 513 (Iowa 1973). Circumstances that have changed, to justify modification of alimony, must be those that were not within contemplation of the trial court when the original decree was entered. *Full*, 255 N.W.2d at 159. Moreover, the change in circumstances must be continuous, not temporary. *Spaulding*, 204 N.W.2d at 635.

In support of his action, Charles alleges three circumstances have changed since the entry of the original decree: Roxanne's income increased from $4,600 per year at the time of the decree (1963) to over $19,000 per year currently; Roxanne inherited a sum from her mother that has appreciated to approximately $18,000; and her equity of approximately $11,000 in a house awarded to her at the time of the decree has increased to at least $43,000 in a different house purchased with proceeds from the sale of the first house. Charles contends these changes warrant modification because they show Roxanne no longer needs the alimony payments for support and to continue them would be inequitable. We disagree.

■ We think these changes were within the reasonable contemplation of the trial court at the time it made its original award of alimony in 1963. *Sandler v. Sandler*, 165 N.W.2d 799, 802 (Iowa 1969). It is

foreseeable Roxanne's income would increase, particularly when she remained at the same job. Likewise, the receiving of an inheritance in this instance is not of such a magnitude to warrant a finding of a change in circumstances. Using her equity in the awarded house to purchase another is also a reasonably foreseeable event. The magnitude of the absolute dollar amounts may be attributed to the general inflationary trend of the past two decades and, as a result, lose their impact. *See generally Spaulding,* 204 N.W.2d at 636; *Wells v. Wells,* 168 N.W.2d 54, 62 (Iowa 1969).

Charles has failed to establish by a preponderance of the evidence that there has been any material and substantial change, not within the contemplation of the trial court when it entered the original decree, to warrant termination of the $100 per month alimony award to Roxanne. The payment of $100 per month is not burdensome when considering that Charles' annual income is nearly $39,000. Moreover, Roxanne's need is not the sole criterion for the award or continuance of alimony. *Schantz v. Schantz,* 163 N.W.2d 398, 405 (Iowa 1968). Considering the financial situations of both parties, we do not consider it inequitable to deny modification.

AFFIRMED.

OXBERGER, C. J., and JOHNSON, J., dissent.

JOHNSON, Judge (dissenting).

I dissent. While there have been varying definitions of the term alimony, the cases generally agree it primarily is "an allowance the wife from the husband for her support in a divorce action in lieu of the legal obligation of her husband to support her . . . ." *Knipfer v. Knipfer,* 259 Iowa 347, 352, 144 N.W.2d 140, 143 (1966), quoting 2 *Nelson* on Divorce and Annulment, section 14.02 (2d ed. rev. 1961). The right to receive alimony is based upon the husband's common law obligation to support his wife. Division of property is based on the wife's right to a just and equitable share of the property which the parties have accumulated through their joint efforts during the existence of the marriage. *Knipfer,* 259 Iowa at 353, 144 N.W.2d at 143. *See also In re Marriage of Woodward,* 229 N.W.2d 274, 278 (Iowa 1975). Although they have a different purpose, alimony and property divisions are closely related in determining proper allocations following the *Schantz* criteria.[1] *In re Marriage of Cook,* 205 N.W.2d 682, 684 (Iowa 1973).

In the present case, we must presume trial court's original award of property and alimony was equitable. There is no present allegation the $100 per month alimony imposed in 1963 was inequitable due to respondent's inability to pay a greater amount.

With this background as a basis, I believe respondent has met his burden of showing a sufficient change of circumstances to warrant elimination of his alimony obligations. I agree with the majority's conclusion that trial court reasonably would have contemplated petitioner's increased income. However, the award of alimony is based upon relative need and resources, not merely earning capacity. *See In re Marriage of Beeh,* 214 N.W.2d 170, 175 (Iowa 1974); *In re Marriage of Tucker,* 213 N.W.2d 498, 501 (Iowa 1973); *In re Marriage of Cook,* 205 N.W.2d 682, 684 (Iowa 1973); *In re Marriage of Campbell,* 204 N.W.2d 638, 639 (Iowa 1973).

In determining resources, I also believe petitioner's inheritance should be considered. The value of inherited property "is a proper factor to be considered by the court in arriving at the net worth of each party, relative needs of the other, and the value of the resources of the parties." *Locke v. Locke,* 246 N.W.2d 246, 253 (Iowa 1976). If such property is considered in determining an equitable award in the original proceedings, there is no rational reason for holding it to be outside the scope of the court's consideration in modification proceedings. *See In re Marriage of Fisher,* 237 N.W.2d 452, 453 (Iowa 1976). I disagree with the majority's conclusion that "the re-

---

1. *Schantz v. Schantz,* 163 N.W.2d 398, 405 (Iowa 1968).

ceiving of an inheritance in this instance is not of such a magnitude to warrant a finding of a change in circumstances." Likewise, if inflation can serve as a basis for increasing a support obligation, see *Page v. Page*, 219 N.W.2d 556, 558 (Iowa 1974), the impact of inflation on the value of a party's resources should be considered. Finally, I believe the record establishes petitioner has no real need for continued alimony.

In conclusion, I do not believe an original award of alimony should serve as an annuity to its recipient. When circumstances no longer justify its continuation, a court is under an obligation to order its termination. Such are the circumstances of this case. Trial court's order should be reversed.

OXBERGER, C. J., joins in this dissent.