David E. SHERRARD, Appellant,

v.

Jennie Nell SHERRARD, Appellee.

No. 53828.

Supreme Court of Iowa.

March 10, 1970.

John Donahey, Panora, for appellant.

Harlan M. Hockett, Des Moines, for appellee.

STUART, Justice.

The trial court granted plaintiff-husband a decree of divorce on the ground of defendant's chronic alcoholism, awarded him custody of the children and gave him the car and the house and furnishings but provided that "plaintiff shall pay to the defendant the sum of $70 per week * * * commencing on the 14th day of October,

1966 and continuing each and every week thereafter". Plaintiff appealed from the alimony portion of the judgment and decree. No adequate explanation was offered for the three year delay in submitting the case on appeal.

■ ■ There is abundant evidence to support the trial court's finding that defendant has become a chronic alcoholic. However, guilt of the party is not controlling on the matter of alimony. It is only one of the factors to be considered. Kjar v. Kjar, Iowa, 154 N.W.2d 123, 125 (1967). We have recently set out the other factors, Schantz v. Schantz, Iowa, 163 N.W.2d 398, 405 (1968); Kjar v. Kjar, supra; Lehmkuhl v. Lehmkuhl, 259 Iowa 686, 698, 145 N.W.2d 456, 464 (1966); Cooper v. Cooper, 259 Iowa 277, 282, 144 N.W.2d 146, 148–149 (1966), and need not repeat them here. We will consider all factors as we examine the facts, realizing that authorities are of little help and each case must be decided on its own facts.

The parties were married in Alabama in 1944 while plaintiff was in the army. He was 26 and defendant was 24. They had three children. In 1951 defendant suffered a stroke which left her with a slight limp and a nervous condition. They moved to Iowa in 1954. Plaintiff became a traveling salesman and remained active in the army reserve. They engaged in evenings of social drinking with friends. In about 1959 or 1960 defendant's alcoholic tendencies became apparent and her conduct grew progressively worse. She was visibly affected by drinking a can or two of beer. She completely alienated her husband and all three children. She and her doctor attributed at least part of her actions to her stroke.

Defendant was not a high school graduate and can do little work other than that of a domestic.

At the time of the divorce their oldest daughter was married. The second daughter was 18 and a junior in Valley High of West Des Moines. Their mentally retarded 16 year old son was attending special education classes at Slinker School.

Plaintiff's 1964 income tax return disclosed an adjusted gross income in excess of $12,000. They had accumulated little property except their household goods and about a $4,000 equity in the home. Plaintiff's car with 49,000 miles on it was worth little more than the amount owed on it. He paid $90 per month on the car and $97.65 per month on the home. Other obligations of the family were a little less than $2,000.

We review the case de novo giving weight to the trial court's findings. Kjar v. Kjar, supra 154 N.W.2d at 126; R.C.P. 344(f) (7).

■ From an examination of the entire record, including the transcript, we can find little fault with the trial court's award of alimony. The marriage lasted 20 years. Defendant apparently made the normal contribution to the marriage until the last five or six years. If she remains an unrehabilitated alcoholic she will be unable to support herself. While alcoholism is grounds for divorce, it is not such willful conduct that she should be punished for her condition. Her general health is not good.

Plaintiff will have the burden of caring for their son as long as both are living, but in less than two years after the divorce the second daughter should have become self supporting.

■ ■ With one exception the award by the trial court seems fair. The decree does not indicate under what conditions the alimony terminates. We believe the alimony should terminate in the event defendant should remarry, or on the death of either party.

Except as so modified, the decree of the trial court is affirmed and is remanded for judgment entry in accordance herewith.

Modified and affirmed.

All Justices concur, except UHLENHOPP, J., who takes no part.