**Debra Kay BEHRLE, Appellee,**

v.

**Eddie Joe BEHRLE, Appellant.**

**No. 2–56250.**

Supreme Court of Iowa.

April 16, 1975.

James L. Chipokas, of Chipokas, Koehler, Platt & Merrifield, and Jon M. Kinnamon, of Kinnamon & Kinnamon, Cedar Rapids, for appellant.

Edward W. Kemp, Tipton, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, UHLENHOPP, HARRIS and McCORMICK, JJ.

RAWLINGS, Justice.

On this appeal respondent contests the economic provisions of a marriage dissolution decree. We affirm in part, reverse in part.

July 5, 1971, the parties hereto were married. Petitioner had then borrowed $3500 in order to continue her college studies. After the marriage petitioner obtained an additional $3000 loan to be used for the same purpose. At trial time she held a college degree in elementary education but had not yet secured employment and resided with her parents. The record discloses, however, petitioner expected to shortly begin earning $7000 per year as a teacher. In the period between separation of the parties and commencement of trial petitioner apparently used her $2000 premarriage savings and with aid of additional money borrowed from her parents purchased a $3800 car.

On the other hand respondent has a high school education and at time of trial was earning $8500 to $9000 per year. He then owned a 1971 motorcycle and 1972 Pontiac. His fixed obligations consisted of $300 owing to a credit union, plus $3000 on a loan effected with which to buy the Pontiac and a $700 encumbrance on the motorcycle purchase. Payments on these vehicles totaled $181 per month.

Petitioner and respondent entered into a post-separation agreement under which each received substantially the same personalty they had respectively contributed to the marriage.

From time of separation to trial respondent voluntarily paid $600 to petitioner.

To all intents and purposes this marriage lasted 11½ months with no children being born to the parties. Except for one short period of time when respondent was unemployed, he provided the necessary income to meet living expenses.

January 12, 1973, the instantly involved dissolution decree was entered. Each party was then 21 and both were apparently in good health.

In essence trial court ordered:

## A. ALIMONY

Respondent shall pay:

(1) $150 each month, commencing January 15, 1973, and continuing through December 15, 1973;

(2) $1.00 each month, commencing January 15, 1974, and continuing through December 15, 1983, or until petitioner remarries;

(3) $1500, said amount representing one-half of the educational school loan secured by petitioner in furtherance of her college degree, with payments on said amount to begin January 15, 1973, at the rate of $50 each month through June 15, 1975, or until petitioner is employed on a full-time basis as a school teacher or other occupation providing substantially equal compensation.

## B. DEBTS

Respondent shall assume all other indebtedness incurred during the marriage to date of filing the petition. (The record does not disclose the amount of such obligations.)

## C. LITIGATION COSTS

Respondent shall pay $220 of petitioner's attorney's fee for services rendered in trial court.

Respondent here asserts the foregoing awards of alimony and legal fees are inequitable under the circumstances.

I. The guidelines set forth in Schantz v. Schantz, 163 N.W.2d 398, 405 (Iowa 1968), save and except the fault concept eliminated by In re Marriage of Williams, 199 N.W.2d 339, 345–346 (Iowa 1972), are here involved.

Despite respondent's contention to the contrary we are not persuaded trial court entertained the now proscribed fault factor in fixing the aforesaid alimony award.

II. As a preface to further discussion it is understood our review is de novo. See In re Marriage of Moorhead, 224 N.W.2d 242, 246 (Iowa 1974); In re Marriage of Ried, 212 N.W.2d 391, 392–393 (Iowa 1973); Iowa R.Civ.P. 334, 344(f)(7).

Mindful thereof we turn now to a consideration of the issue presented.

At the outset Section 598.21, The Code 1973, states, in relevant part: "When a dissolution of marriage is decreed, the court may make such order in relation to * * property * * * and the maintenance of the parties as shall be justified."

This does not mean an alimony award is mandatory. See Kjar v. Kjar, 261 Iowa 334, 338, 154 N.W.2d 123 (1967). Rather, a just determination as to any right thereto and, if allowed, the amount thereof, is to be determined on an ad hoc basis under the facts peculiar to each case. See In re Marriage of Matson, 215 N.W.2d 358, 359 (Iowa 1974).

Briefly stated, the parties hereto commenced their marital relationship with relatively little property and terminated same in substantially the same position.

In light of the foregoing factual situation this statement in Pinion v. Pinion, 92 Utah 255, 67 P.2d 265, 267 (1937) is of more than minimal significance:

"As a general rule a young couple, married a short time, who break up with no children, would call it a misadventure in matrimony, and unless the wife has suffered more than the ordinary wear and tear of matrimony or stands by the di-

vorce to lose substantial material benefits in economic status or loss of inheritance, no alimony ordinarily will be given. Where, as in many of these cases, the swains start with no assets except earning power and end with no assets except that earning power it would place an unwarranted burden on the young husband to help him support, or partially support, the wife after they have split up."

See also In re Marriage of Maskel, 225 N.W.2d 115, 120 (Iowa 1975); In re Marriage of Zoellner, 219 N.W.2d 517, 524 (Iowa 1974); In re Marriage of Downing, 210 N.W.2d 436, 437–438 (Iowa 1973).

■ Upon a weighing of all circumstances peculiar to this case it is to us evident trial court's aforesaid alimony award to petitioner, in any form or amount, was inequitable and must be deleted.

On this issue we reverse.

III. Finally, respondent challenges that portion of trial court's decree which ordered he pay $220 to apply on the petitioner's attorney's fees.

■ A discussion of this subject will serve no useful purpose. Under existent conditions we now hold no inequity attends trial court's attorney fee award.

■ IV. Petitioner-appellee's application for allowance of attorney fee on this appeal is denied.

Costs on appeal are taxed equally to petitioner and respondent.

Affirmed in part, reversed in part and remanded for entry of decree consistent with this opinion.