In re the MARRIAGE OF Kathleen E. ROSE and William E. Rose.

Upon the Petition of Kathleen E. ROSE, Appellee,

and Concerning William E. ROSE, Appellant.

No. 2–56688.

Supreme Court of Iowa.

April 16, 1975.

Gary M. Lane, Davenport, for appellant.

John V. Chapman and Robert A. Van Vooren, Davenport, for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

Respondent-husband appeals from property division and alimony provisions of marriage dissolution decree. We modify, affirm and remand for supplemental decree.

I. Petitioner Kathleen E. Rose and respondent William E. Rose were married June 30, 1956. At trial time she was 37 and he was 39 years of age. The parties five children are: Erin Marie, born February 6, 1957; Lisa Ann, born November 7, 1960; Peter Eilert, born September 28, 1964; William Glenn, born December 21, 1965 and Theodore Jay, born September 26, 1967. Respondent did not contest petitioner's prayer for nor her fitness for custody of the children. Trial court found petitioner "a fit and proper person" to have custody of the children and ordered they be placed in her sole care and custody. Both parties and petitioner's witnesses related sufficient facts establishing grounds for dissolution of the marriage.

Thus, the only issues contested at trial, and presented on this appeal, concerned distribution of the parties' property and award of alimony.

By trial court's decree petitioner was granted a fee simple interest in the Davenport, Iowa, four-bedroom family room, valued at $48,000 to $50,000. The source of down payment for the home, purchased eight years before trial, was cash realized from the sale of a prior home, $500 from an uncle and $2000 from respondent's father. Respondent was ordered to pay the $223.33 monthly payments on the home mortgage, which had a balance of about $22,000, the yearly real estate taxes of approximately $1600 and the $284 yearly homeowner's insurance premium.

Petitioner was given the household goods and furnishings contained in the home, which she estimated were worth $4000. She also received the parties' 1971 station wagon. Respondent was ordered to make the $30 weekly payments on the $3800 mortgage on the vehicle.

Respondent was awarded a coin collection and other items of personalty inherited from his father estimated to be worth $3000.

Respondent was awarded the parties' stock certificates in his employer's business,

valued at $39,450 which were held by banks to secure purchase money indebtedness of $34,000 and accrued interest of about $900. Trial court also granted respondent all life insurance policies held by him, consisting of about $90,000 in term life insurance acquired through his employment and a $10,000 GI policy, but required him to continue to name his children as beneficiaries under $50,000 of the term insurance.

The decree was silent with respect to other items of personalty, including furnishings in respondent's apartment purchased for about $3400 shortly before trial, $2143 in respondent's credit union savings account, respondent's $450 one-half interest in a boat and trailer, and joint savings accounts in respondent's and each child's name containing an approximate total of $3200. Neither party mentions this fact in their brief.

Respondent was ordered to pay all the parties' debts, which amounted to approximately $3000 in addition to those mentioned above.

The decree further ordered respondent to pay $25 per child per week for the support and maintenance of the parties' five children " * * * until the youngest child becomes of age." We agree with counsels' interpretation of this provision that as each child reaches 18 years of age, support for that child is to cease. Obviously Erin Marie has now reached that age.

■ II. Respondent was also directed to pay petitioner $50 per week as alimony " * * * for her support during her natural life or until she remarries." We find and hold the limitation should be modified to provide "for her support until either party dies or until petitioner remarries."

Petitioner, a high school graduate, was unemployed at trial time. Prior to and at the beginning of the marriage she had held two clerical positions. Subsequent to the parties' separation petitioner worked one week at a flower shop answering the telephone. Apparently she chose to devote her full time maintaining the home and caring for the children.

Respondent, who had completed "roughly three years of college", had been employed 12 years by Lucky Stores, Inc. as an industrial relations manager. His gross weekly salary was $461. In addition to this salary, he had for several years received annual bonuses from his employer, the most recent of which was the 1973 bonus of $5850. His 1972 federal tax return showed he received $1722.63 stock dividends. Respondent's gross income for 1972 was $30,672.35.

The issues raised on this appeal are limited to respondent's claim the property division and alimony awards are inequitable and unreasonable. He suggests several alternative provisions in this area. The ultimate issue is whether trial court's property and alimony provisions are "justified". Code section 598.21.

■ III. Our review is de novo in this equity action. Rule 334, Rules of Civil Procedure. It is this court's duty to examine the whole record and adjudicate rights anew on issues properly presented. Weight should be given to the findings of the trial court without abdicating our function as trier de novo on appeal. In re Marriage of Moorhead, Iowa, 224 N.W.2d 242, 244; In re Marriage of Novak, Iowa, 220 N.W.2d 592, 597.

In considering the issues of alimony and property division we use the criteria explained in Schantz v. Schantz, Iowa, 163 N.W.2d 398, 405, excluding consideration of reward or punishment on the basis of fault. In re Marriage of Peterson, Iowa, 227 N.W.2d 139 (filed March 19, 1975); In re Marriage of Winter, Iowa, 223 N.W.2d 165, 169; In re Marriage of Williams, Iowa, 199 N.W.2d 339, 345.

With the applicable principles in mind we have studied the arguments, appendix, and the trial transcript. We conclude the decree should be affirmed subject to the clarification and modification already noted and with the following additional clarification and modification. The ordered monthly

home real estate mortgage payments, the yearly real estate tax and yearly homeowner's insurance premium payments shall be ordered as additional alimony to be paid until the death of either party or until petitioner remarries.

■ IV. Petitioner has submitted an itemization of her attorney fees on appeal and claims respondent should be required to pay the total amount. We allow petitioner the sum of $1200 to apply on her attorney fees, to be paid by respondent within four months from the date of filing of this opinion. Costs of this appeal are taxed against respondent.

Modified, affirmed and remanded for entry of supplemental decree.