In re the MARRIAGE OF George Edward KOUBA and Lyla Doris Kouba.

Upon the Petition of George Edward KOUBA, Appellant, and concerning

Lyla Doris KOUBA, Appellee.

No. 2–58769.

Supreme Court of Iowa.

Aug. 31, 1977.

Donald G. Juhl, of Arends & Juhl, Toledo, for appellant.

Fairall, Fairall & Baker, Marshalltown, for appellee.

Submitted to MOORE, C. J., and RAWL-INGS, REYNOLDSON, HARRIS, and McCORMICK, JJ.

REYNOLDSON, Justice.

Petitioner-husband has appealed from a dissolution decree awarding respondent-wife monthly alimony to be paid by "petitioner, or his heirs, fiduciaries, or assigns if he dies," until "death or remarriage of respondent."

Petitioner acknowledges the issue is one of law. The facts are undisputed. These parties were married December 13, 1947. Six children were born of the marriage. Four are now adults. Trial court's decree incorporated the parties' stipulation dividing a small amount of property and custody of the minor children. Respondent retained custody of the youngest daughter, born August 10, 1969. The other minor daughter, born July 30, 1959, resided with petitioner following separation of the parties. He retained custody of this child.

Trial court's uncontested fact-findings furnish insight into the provisions of its alimony award:

"The petitioner is 51 years of age, is a high school graduate, and is in good health. He has for a number of years been employed in sewer construction work from which his take-home pay is now approximately $186 per week. With the possibility of employment bonuses and tax refunds, his spendable income can reasonably be anticipated to exceed $10,000 per year.

"The respondent is 46 years of age. She currently receives A.D.C. in the sum of $222 per month and earns an additional $80 per month as a cleaning lady. She suffers from Hashimoto's disease which is causing a slow but progressive deterioration of her health. She has no particular job skills and her physical condition limits her employment and earning opportunities.

"During the marriage the petitioner performed the traditional role of bread winner, and the respondent filled the traditional role of housewife and mother. The petitioner worked hard and provided a comfortable standard of living for himself and his family. The respondent fulfilled her role in a completely acceptable manner. The assets of the parties have been accumulated almost entirely from the earnings of the respondent [sic, peti-

tioner], but it must not be overlooked that during this period the respondent was fully occupied in the performance of her duties as a wife and mother. There is no indication that either party came into the marriage with any substantial assets or that any significant contributions were made from outside sources."

The following provisions of the dissolution decree relate to alimony:

"The petitioner, *or his heirs, fiduciaries, or assigns if he dies,* shall pay to the Office of the Clerk of Tama County, Iowa, for the use of respondent, the sum of $100 per month as alimony, commencing on the 10th day of September, 1975. When Sally Kouba, daughter of the parties, attains the age of 18 years or sooner marries, dies, is adopted or becomes emancipated, said payments shall be increased to the sum of $175 per month. When Jennifer Kouba, daughter of the parties, attains the age of 18 years or sooner marries, dies, is adopted, or becomes emancipated, said payments shall be increased to the sum of $250 per month. Upon petitioner's attaining the age of 65 years, or upon his retirement, or partial retirement, whichever shall occur later, the parties shall mutually agree upon an adjustment in said periodic alimony payments as may be justified by the respective situations of the parties then existing, and failing to so agree, such matter shall be submitted to the Court for determination. In any event, said periodic payments of alimony shall *terminate upon the death or remarriage of the respondent.*" (emphasis supplied)

Appealing, petitioner asserts trial court exceeded its jurisdiction in ordering his "heirs, fiduciaries, or assigns" to pay alimony after his death because they were neither parties to the action nor served process to bring them within the court's jurisdiction. He contends we should overrule *In re Estate of Roberts,* 257 Iowa 1, 131 N.W.2d 458 (1964), and hold a trial court has no authority to order alimony to continue beyond the husband's death without his stipulated consent.

I. Petitioner argues trial court could not enter a binding judgment against his "heirs, fiduciaries, or assigns" because they were not served with notice in this dissolution proceeding.

█ It is a basic principle of Anglo-American jurisprudence that ordinarily one is not bound by a judgment in personam in a litigation in which he or she is neither designated as a party nor made a party by service of process. *Hansberry v. Lee,* 311 U.S. 32, 40–41, 61 S.Ct. 115, 117, 85 L.Ed. 22, 26 (1940); *Wright v. Standard Oil Co.,* 234 Iowa 1241, 1244, 15 N.W.2d 275, 277 (1944).

Respondent makes no attempt to argue the now-unidentifiable "heirs, fiduciaries, or assigns" would be in privity with petitioner and therefore bound by the decree under the doctrine of res judicata. See *Mauer v. Rohde,* et al., 257 N.W.2d 489 (Iowa 1977), filed today; *National Farmers Union Property & Cas. Co. v. Nelson,* 260 Iowa 163, 171, 147 N.W.2d 839, 844 (1967); A. Vestal, Res Judicata/Preclusion at V–123 (1969). In any event, we are not required to resolve that question; it is obvious trial court used those words to indicate the alimony award would be a charge on petitioner's estate.

II. We thus reach the ultimate issue, whether *Roberts,* supra, 257 Iowa 1, 131 N.W.2d 458, should be overruled by holding as a matter of law a trial court is without power to order continuation of alimony beyond the death of the obligor, unless he or she consents.

The rationale in *Roberts* starts with the prevailing rule that courts do have such power if a statute so provides. 24 Am. Jur.2d Divorce and Separation § 643, at 764–765 (1966). The *Roberts* court, interpreting § 598.14, The Code, 1962, held its broad language supplied the necessary authority:

"§ 598.14 Alimony—custody of children—changes.

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right.

"* * *"

Six years after *Roberts,* the 63rd General Assembly repealed and overhauled our code chapter on divorce and annulment (Ch. 1266, Acts 63rd G.A.1970), but nonetheless reenacted the above statute in substantially the same language:

"§ *598.21 Alimony—custody of children—changes.*

"When a dissolution of marriage is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be justified.

"* * *"

—The Code, 1977.

■ There is no significant statutory change which would justify abandonment of the *Roberts* decision or signal the legislature's nonacquiescence in our interpretation of the predecessor statute. To the contrary, in such circumstances our law of statutory construction applies a presumption the legislature intended the former construction to continue. See *Terpstra v. Schinkel,* 235 Iowa 547, 551–552, 17 N.W.2d 106, 109 (1944); *New York Life Ins. Co. v. Burbank,* 209 Iowa 199, 206, 216 N.W. 742, 745 (1927); 2A Sutherland Statutory Construction § 49.09, at 256–261 (Sands Ed. 1973).

Petitioner cites numerous decisions since *Roberts* in which we have limited or approved limitation of alimony payments to the life of the obligor. *In re Marriage of Rose,* 228 N.W.2d 88, 90 (Iowa 1975); *In re Marriage of Ringus,* 226 N.W.2d 805, 807 (Iowa 1975); *In re Marriage of Dally,* 222 N.W.2d 478, 482 (Iowa 1974); *In re Marriage of Dowie,* 215 N.W.2d 276, 278 (Iowa 1974); *In re Marriage of Carney,* 206 N.W.2d 107, 114 (Iowa 1973); *In re Marriage of Jennerjohn,* 203 N.W.2d 237, 244 (Iowa 1972); *Hutcheson v. Hutcheson,* 197 N.W.2d 594, 598 (Iowa 1972); *Sherrard v. Sherrard,* 175 N.W.2d 411, 412 (Iowa 1970). He argues these cases demonstrate we have overruled *Roberts, sub silentio.*

Petitioner's thesis overlooks *In re Marriage of Beeh,* 214 N.W.2d 170, 175 (Iowa 1974). We there provided alimony for a wife during a fixed period of time. Alimony payments were to be made until the youngest child was graduated from high school to permit the wife to continue as a full-time mother, and for a year and one-half thereafter to permit her to obtain a master's degree or otherwise rehabilitate her nursing career, interrupted by sixteen and one-half years as a homemaker and mother. We provided, "Payments shall not terminate on respondent's [husband's] death but in that event shall be a charge on his estate."

■ The decisions petitioner relies on illustrate nothing more than an alimony payment limitation which will be applied in most situations. The very nature of marriage, dissolution, and attendant circumstances defies imposition of precise mathematical formulae and inflexible rules. See *Behrle v. Behrle,* 228 N.W.2d 25, 27 (Iowa 1975). There is no language in the opinions petitioner cites which implies a trial court is without power to make alimony a charge on an obligor's estate.

Petitioner offers a number of policy considerations for rejecting the *Roberts* holding. Respondent counters with policy reasons for maintaining flexibility in this regard. Many are relevant factors which might be considered by the legislature in future statutory changes, or by the court in fixing duration of alimony payments. None are controlling here in view of the narrow jurisdictional issue petitioner selected for this appeal.

■ III. There is submitted with this appeal respondent's application for allowance of attorney fees on appeal. Counsel's certificate of services includes $1240 for time spent and $42 for costs of printing briefs. As costs are taxed to petitioner, printing expense will be reimbursed. In making this determination we consider petitioner's immediate financial resources, other obligations imposed upon him, and the fact we are not fixing the total fee, only the amount petitioner should pay. *Beeh, supra,* 214 N.W.2d at 176.

We hold petitioner shall pay $500 toward respondent's attorney fees, to be taxed as part of the costs.

We modify the decree entered below by substituting for the words "or his heirs, fiduciaries, or assigns" the words "or his estate in the event he dies before respondent's remarriage or death," in the last above-quoted paragraph from the decree. As modified, trial court's decree is affirmed.

MODIFIED AND AFFIRMED.