OPINION OF THE COURT
William R. Geiler, J.
In this action governed by the New York Equitable Distribution Law (Domestic Relations Law, § 236, part B), plaintiff wife moves to vacate a notice to submit to physical and mental examination pursuant to CPLR 3121 on the ground that the question of plaintiff’s physical and mental condition is not in controversy. The court denies plaintiff’s motion.
Plaintiff commenced this action for divorce alleging as causes of action, constructive abandonment and defendant’s cruel and inhuman treatment of plaintiff. In neither of these causes of action does she place her physical or mental condition in controversy. Also, defendant has not raised plaintiff’s physical or mental condition in his answer. Both parties, however, do seek custody of the infant issue of the marriage.
Under section 236 (part B, subd 5, par d, cl [2]) of the Domestic Relations Law, the court must consider the age and health of both parties in determining an equitable distribution award, and, in determining the amount and duration of maintenance, the age and health of the parties *569 must also be considered (Domestic Relations Law, § 236, part B, subd 6, par a, cl [2]). For example, the ill health of the propertied spouse may, under some circumstances, justify a larger equitable distribution award to a needy spouse (Rock v Rock, 89 SD 583; Perkins v Perkins, 168 Mont 78; Wetland v Wetland, 255 Iowa 477) or an ill spouse may or may not be entitled to a larger award of maintenance (Matter of Downing, 210 NW2d 436 [Supreme Ct, Iowa, 1973]; Abney v Abney, 575 SW2d 842 [Mo Ct App, 1978]; Pfohl v Pfohl, 345 So 2d 371 [Fla App, 1977]).
While the health of the parties is a statutorily mandated factor to be considered in equitably distributing marital property or in determining the amount and duration of maintenance, the long-standing rule in New York has been that before a party can conduct a physical or mental examination of the other party or obtain disclosure of hospital records, two things must occur: (1) the party seeking the disclosure must make a showing that the mental or physical condition of another party is in controversy, and (2) the person whose physical or mental condition is in controversy must waive the physician-patient privilege by affirmatively placing his physical or mental condition in controversy (Koump v Smith, 25 NY2d 287), and the same rule applies in matrimonial actions (but cf. Wegman v Wegman, 37 NY2d 940). Accordingly, the court holds that there is no right to a physical or mental examination simply because a spouse seeks an equitable distribution of marital property and/or nonpermanent maintenance of normal duration.
Here, however, both parties are seeking custody of the infant issue of the marriage, and the New York Court of Appeals has held that the health of a parent is a relevant consideration on the issue of custody (Matter of Darlene T., 28 NY2d 391). Unlike the inflexible rules concerning competency of testimony, the rules applicable to privileged matter have been held flexible enough to cause considerations of public policy upon which the particular privilege is based, to yield in situations where the wise and proper administration of justice is at stake. This approach has been particularly evident in cases involving the custody and welfare of children (see Matter of Lucas, NYLJ, Oct. 7, *570 1981, p 15, col 3 [Family Ct, Suffolk County, Cannavo, J.], and the cases cited therein). Although, abstractly, certain privileges obtain in matrimonial actions (see Yaron v Yaron, 83 Misc 2d 276), a party waives his right to a physician-patient privilege or psychiatrist privilege when disputing custody, thereby putting his physical, mental and emotional well-being into controversy (see, e.g., Baecher v Baecher, 58 AD2d 821). Although the court recognizes the potential for abuse in these cases, the court’s broad discretionary power to grant a protective order “to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts” (CPLR 3103) should provide adequate safeguards (Wegman v Wegman, supra). Here, the tests stated by CPLR 3121 have been satisfied and plaintiff’s motion is denied.
Defendant shall settle an order providing for the appointment of a physician by the court.