Randy J. **RYAN**, Plaintiff,

v.

The **IOWA DISTRICT COURT FOR WINNESHIEK COUNTY,**
Defendant.

No. 67828.

Supreme Court of Iowa.

Feb. 16, 1983.

Harry T. Watts and James M. Peters of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for plaintiff.

Terry J. Abernathy of Pickens, Barnes & Abernathy, Cedar Rapids, for defendant.

Considered by LeGRAND, P.J., and McCORMICK, McGIVERIN, LARSON, and SCHULTZ, JJ.

McCORMICK, Justice.

The question here is whether a court can enter a judgment in a replevin action against a person who is not a party to the action. We hold that a court cannot do so. Because the district court did so in this case, we sustain plaintiff's certiorari challenge to the order purporting to bind him to the judgment.

Plaintiff Randy J. Ryan was at all material times in possession of a 1981 Chevrolet Caprice automobile which was sought by General Motors Acceptance Corporation (GMAC) in a replevin action against Hilsabeck Chevrolet, Inc., and William J. Hilsabeck. Ryan was not made a party to the action and did not intervene as permitted by Iowa R.Civ.P. 75. He participated in the hearing on GMAC's application for issuance of the writ of replevin only as a witness, asserting his right to the automobile.

After the hearing, the trial court, Judge Joseph C. Keefe, granted GMAC replevin judgment against Ryan for the vehicle in his possession. Calling himself an "Interested Third Party," Ryan subsequently filed a "Motion for New Trial" asking in part for a stay of the judgment. The court granted the stay, and the motion was later heard and overruled. In overruling the motion, the court, Judge C.W. Antes, held that Ryan could not challenge the judgment be-

cause he had not been a party to the action. The court dissolved the stay and ruled that GMAC was entitled to a writ of replevin to obtain the automobile in Ryan's possession. Ryan then brought the present certiorari action.

I. *Jurisdiction.* We must first decide whether we have jurisdiction of the certiorari action. GMAC, apparently in behalf of defendant district court, has moved to annul the writ on the ground that it was not sought within thirty days of the replevin order entered by Judge Keefe on November 5, 1981. It was, however, sought within thirty days of the order entered by Judge Antes on December 10, 1981.

GMAC argues that because the November order granted the writ of replevin against Ryan and Ryan lacked authority to move for new trial, the motion for new trial did not extend the time for attacking the replevin judgment. This means, according to GMAC, that the court lost subject matter jurisdiction of the replevin action thirty days after the November 5 ruling.

 We need go no further than to note that the court itself kept alive the issue of the enforceability against Ryan of the replevin judgment by staying it within the thirty-day period. The stay was entered November 12, 1981, and remained in effect until the December ruling. The trial court thus had jurisdiction of the case when the December order was filed. In addition, even if Ryan was not a party to the replevin action and lacked authority to move for new trial, the December order purported to adjudicate his rights. He thus had standing to obtain certiorari review of the order. *See State v. West,* 320 N.W.2d 570, 573 (Iowa 1982). Because the certiorari action was brought within thirty days of December 10, 1981, it was timely, and we have jurisdiction. *See* Iowa R.Civ.P. 319; Iowa R.App.P. 301. We have no occasion to consider the effect on this issue of the rule permitting collateral attack on an in personam judgment entered without in personam jurisdiction. *See Marshfield Homes, Inc. v. Eichmeier,* 176 N.W.2d 850, 851 (Iowa 1970). The motion to annul the writ is overruled.

■ II. *The merits.* The district court's December 10 ruling informed Ryan he could not move for new trial because he had not been a party to the replevin action. Yet it also told him he was bound by the replevin judgment. It is fundamental that a person "is not bound by a judgment in personam in a litigation in which he or she is neither designated as a party nor made a party by service of process." *In re Marriage of Kouba,* 257 N.W.2d 35, 37 (Iowa 1977). This case does not involve the issue of binding one person to a judgment against another on the ground of privity of interest.

■ Replevin is an action for possession of property wrongfully detained by another. *Flickinger v. Mark IV Apartments Association,* 315 N.W.2d 794, 796 (Iowa 1982). The right to possession cannot be adjudicated unless the court obtains personal jurisdiction of the person in possession. *See Thorp Credit, Inc. v. Barr,* 200 N.W.2d 535, 536–37 (Iowa 1972), *cert. denied,* 410 U.S. 919, 93 S.Ct. 978, 35 L.Ed.2d 581 (1973); *In re Fenton's Estate,* 182 Iowa 346, 358–59, 165 N.W. 463, 466 (1917). Ryan was not a party in the replevin action. He is thus not bound by the resulting judgment.

WRIT SUSTAINED.