**18** B.S., Respondent, v B.F., Appellant. [33 NYS3d 694]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered December 18, 2015, which, to the extent appealed from, denied defendant husband's motion to compel discovery from plaintiff wife, unanimously affirmed, without costs.

The motion court providently exercised its discretion in denying defendant's motion seeking records regarding plaintiff's mental and medical health, since plaintiff did not waive the physician-patient privilege by making any claims or taking any positions that placed her physical or mental condition "in controversy" (CPLR 3121 [a]; *see generally Wegman v Wegman*, 37 NY2d 940, 941 [1975]; *see also Proschold v Proschold*, 114 Misc 2d 568, 569 [Sup Ct, Suffolk County 1982]). Her specification of her health conditions in her net worth statement did not place her health conditions in controversy, since such specification is required in a contested divorce proceeding (*see* 22 NYCRR 202.16 [b]; 22 NYCRR subtit D, ch III, subch A, forms; *see also Proschold*, 114 Misc 2d at 569). Nor did plaintiff's denial of certain medical conditions in response to defendant's allegations place those conditions in controversy (*see Koump v Smith*, 25 NY2d 287, 294 [1969]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Webber, JJ.